1
2
3
4
5                              UNITED STATES DISTRICT COURT

6                            NORTHERN DISTRICT OF CALIFORNIA

7

8    ALVIN HENRY DALTON,                      Case No.  21-cv-10032-JSW

9                   Plaintiff,                ***AMENDED*** ORDER DENYING
                                              MOTION FOR EMERGENCY
10          v.                                INJUNCTIVE RELIEF; OF SERVICE;
                                              VACATING PRIOR ORDER
11   M VOTARI,
                                              RE: DKT. NO. 14
12                 Defendant.

13          Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42

14   U.S.C. § 1983.  The dismissal was vacated by the United States Court of Appeals, which also

15   remanded the case to this court.

16          Plaintiff has filed a motion for emergency injunctive relief, namely for the Court to order

17   San Quentin State Prison ("SQSP") to move Plaintiff to a single cell, which is the same relief he

18   seeks in the complaint.  SQSP is not a Defendant or a party to this case.  Indeed, it is not clear that

19   it can be a Defendant insofar as it appears to be simply a building and not a governmental or other

20   entity that can be sued.  Moreover, Plaintiff has not shown, or attempted show, that he is likely to

21   succeed on the merits of his claim, which is a required showing to obtain immediate or temporary

22   injunctive relief.  *See* Fed. R. Civ. P. 65(a).  Consequently, the motion is DENIED.

23          1.  Defendant M. Votari shall be served at San Quentin State Prison.  The California

24   Department of Corrections and Rehabilitation shall be served in Sacramento, California.

25          Service shall proceed under the California Department of Corrections and Rehabilitation's

26   (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance

27   with the program, the clerk is directed to serve on CDCR via email the following documents: the

28   Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons.  The clerk also

United States District Court
Northern District of California

United States District Court
Northern District of California

1  shall serve a copy of this order on the Plaintiff.

2       No later than 40 days after service of this order via email on CDCR, CDCR shall provide

3  the Court a completed CDCR Report of E-Service Waiver advising the court which defendant(s)

4  listed in this order will be waiving service of process without the need for service by the United

5  States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be

6  reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the

7  California Attorney General's Office which, within 21 days, shall file with the court a waiver of

8  service of process for the defendant(s) who are waiving service.

9       Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each

10  defendant who has not waived service according to the CDCR Report of E-Service Waiver a

11  USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies

12  of this order, the summons, and the operative complaint for service upon each defendant who has

13  not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-

14  Service Waiver.

15      2.  The Defendants **shall** file an answer in accordance with the Federal Rules of Civil

16  Procedure.

17      3.  In order to expedite the resolution of this case:

18         a.  No later than **June 6, 2023**, Defendant shall file a motion for summary judgment

19  or other dispositive motion.  If Defendant is of the opinion that this case cannot be resolved by

20  summary judgment, he shall so inform the Court prior to the date the summary judgment motion is

21  due.  All papers filed with the court shall be promptly served on the plaintiff.

22         b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

23  court and served upon Defendant no later than **28 days** from the date of service of the motion.

24  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him

25  pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v.*

26  *Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

27         c.  Defendant **shall** file a reply brief no later than **14 days** after the date of service

28  of the opposition.

United States District Court
Northern District of California

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

e.   Along with his motion, Defendant shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion.  Failure to do so will result in the summary dismissal of their motion.

4.  All communications by the Plaintiff with the court must be served on Defendant, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

6.  It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.  The prior order denying the motion for emergency injunctive relief and of service (ECF No. 15), which misspelled the last name of Defendant Votari (as "Voltari"), is VACATED.

**IT IS SO ORDERED.**

Dated: March 10, 2023

_____
JEFFREY S. WHITE
United States District Judge

3