UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN HENRY DALTON,<br><br>    Plaintiff,<br><br>v.<br><br>M. VOTAW,<br><br>    Defendant. | Case No. 21-cv-10032-JSW<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 40 |

# INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against M. Votaw[1] an official at the California Training Facility ("CTF"). The complaint was found, when liberally construed, to state a cognizable claim for relief for violating Plaintiff's Eighth Amendment rights to be from harmful conditions at his prison, specifically second-hand smoke from his cellmate. Defendant has filed a motion for summary judgment. Although cautioned about the nature of such a motion and the potential consequences of not opposing it, Plaintiff did not file an opposition. For the reasons discussed below, the motion for summary judgment is GRANTED.

# DISCUSSION

**I.      Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of

---

[1] Plaintiff misspelled Defendant's last name as "Votari" in his complaint, and consequently that is the spelling that appeared in the Court's prior orders and the docket. The Clerk shall update the docket to show Defendant's last name is "Votaw."

the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 570 U.S. 650, 656-57 (2014). If more than one reasonable inference can be drawn from undisputed facts, the trial court must credit the inference in favor of the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). A district court, of course, always may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995). Plaintiff's verified complaint is considered an opposing affidavit under Rule 56 to the extent it sets forth facts based on personal knowledge and admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

**II.    Analysis**

Plaintiff states in his verified complaint Defendant M. Votaw exposed him to unsafe conditions at his prison by denying his request to be placed in a single cell to get away from his cellmate who smoked. Plaintiff states Defendant "diagnosed" him as "high risk medical," and in

2

...

September 2021,[2] his cellmate started smoking five cigarettes per day. The evidence shows that Defendant screened out Plaintiff's administrative grievance complaining about his exposure to the smoke. Plaintiff filed the grievance as a health care grievance instead of a regular grievance, and Defendant screened it because under the applicable regulations the issue of a smoking cellmate fell outside the jurisdiction of the medical care grievance process and needed to be raised in the regular grievance process. Defendant informed Plaintiff he had the right to do so or to explain why he believed his grievance raised a medical care issue.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Where the unsafe condition is secondhand smoke, a plaintiff must show: (1) he was exposed to a level of exposure to environmental tobacco smoke ("ETS") that, objectively speaking, unreasonably endangers the prisoner's health in a manner "that is contrary to current standards of decency for anyone to be so exposed against his will"; and (2) the defendant prison officials was "deliberately indifferent to [his] plight." *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993).

Plaintiff has not presented authority, nor is the Court aware of any, that the level of ETS to which Plaintiff was exposed amounts to an unreasonable danger to an inmate's health under the objective element of an Eighth Amendment claim under *Helling* and *Farmer*. In *Helling*, the prisoner's cellmate smoked five packs of cigarettes per day, or twenty times as many cigarettes as Plaintiff's cellmate. *See id.* at 35. There is no evidence that Plaintiff was exposed to anywhere near the level of danger to his health as the Plaintiff in *Helling*, or authority that being exposed to

---

[2] Plaintiff filed this action in December 2021.

1   ETS from a cellmate who smokes five cigarettes a day runs "contrary to current standards of
2   decency" such that it amounts to an objectively serious deprivation under the Eighth Amendment.
3   *Id.* at 35–36.

4   In any event, the evidence, even when viewed in a light most favorable to Plaintiff, does not support a reasonable conclusion that Defendant was deliberately indifferent to the danger of Plaintiff's cellmate's secondhand smoke. Plaintiff alleges Defendant "diagnosed" him as having a high level of risk to his health. However, Defendant's evidence shows she is not a medical professional with the qualifications or authority to diagnose Plaintiff's medical conditions, and there is no evidence to the contrary. Defendant's evidence also shows her position at the prison was as a grievance administrator, and her duties were limited to screening and processing health care grievances for compliance with the applicable regulations to ensure timeliness, review, and approval by the appropriate officials. Defendant's evidence shows that she did not have authority to order changes to Plaintiff's housing or cellmate assignment. Plaintiff presents no evidence to the contrary. The evidence does not support a reasonable conclusion that Defendant was deliberately indifferent to his safety by failing to assign him to a single cell because the evidence does not support a rational conclusion that Defendant had the power to do so. Furthermore, the evidence shows Defendant did what she could do to assist Plaintiff by informing him he could bring his claim through the regular grievance procedure (which would allow officials who had the authority to change his housing placement to review his claim) or explain why his grievance raised a medical care issue.

Plaintiff has not presented evidence, nor is any apparent from the record, creating a triable issue of fact that, if resolved in Plaintiff's favor, would establish that Defendant was deliberately indifferent to an unreasonable risk of harm to him from exposure to ETS.[3] Accordingly, Defendant is entitled to summary judgment on Plaintiff's Eighth Amendment claim.

## CONCLUSION

For the reasons explained above, Defendant's motions for summary judgment is

---

[3] In light of this conclusion, the Court does not reach Defendant's alternative argument for summary judgment on exhaustion grounds.

4

1  GRANTED.  The clerk shall enter judgment and close the file.

2  **IT IS SO ORDERED.**

3  Dated: June 25, 2024

_____
JEFFREY S. WHITE
United States District Judge

5